<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000449
18-JUN-2025
08:02 AM
Dkt. 68 SO**</span>

NOS. CAAP-23-0000449 and CAAP-23-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ROBERT ERRTTE MILLARD, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NOS. 1DCW-22-0003477 and 1DCW-22-0000564)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Robert Errtte Millard (**Millard**) appeals from (1) the July 7, 2023 Notice of Entry of Judgment and/or Order (**1DCW-22-0003477 Judgment**) in 1DCW-22-0003477,[1] and (2) the August 11, 2023 Notice of Entry of Judgment and/or Order (**1DCW-22-0000564 Judgment**) in 1DCW-22-0000564,[2] entered by the Honolulu Division of the District Court of the First Circuit (**District Court**), in favor of Plaintiff-Appellee State of Hawaiʻi (**State**).[3]

Millard raises a single point of error on appeal, arguing that the District Court erred in denying his motion to

---

[1] The Honorable Thomas Haia presided.

[2] The Honorable Myron Takemoto presided.

[3] We consolidated the CAAP-23-449 and CAAP-23-524 appeals on December 13, 2023. In CAAP-23-449, Millard appeals the 1DCW-22-0003477 Judgment, and in CAAP-23-524, he appeals the 1DCW-22-0000564 Judgment.

dismiss due to a defective complaint because the State did not separately execute the declaration.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Millard's point of error as follows:

On November 28, 2022, the State charged Millard via Complaint in 1DCW-22-0003477 as follows:

> The undersigned Deputy Prosecuting Attorney [(**DPA**)] of the City and County of Honolulu, State of Hawaiʻi charges:
>
> On or about November 27, 2022, in the City and County of Honolulu, State of Hawaiʻi, ROBERT ERRTTE MILLARD did intentionally, knowingly, or recklessly cause bodily injury to wit, physical pain, to [Complaining Witness (**CW**)], thereby committing the offense of Assault in the Third Degree, in violation of Section 707-712(1)(a) of the Hawaiʻi Revised Statutes.
>
> "Bodily injury" includes physical pain, illness, or any impairment of physical condition.
>
> I, [DPA], declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

The 1DCW-22-0003477 Complaint was dated and electronically signed by the DPA.

On March 14, 2022, the State charged Millard via Complaint in 1DCW-22-0000564 as follows:

> The undersigned Deputy Prosecuting Attorney of the City and County of Honolulu, State of Hawaiʻi charges:
>
> COUNT 1:  On or about March 11, 2022, in the City and County of Honolulu, State of Hawaiʻi, ROBERT ERRTTE MILLARD did intentionally, knowingly, or recklessly cause bodily injury to [CW], thereby committing the offense of Assault in the Third Degree, in violation of Section 707-712(1)(a) of the Hawaiʻi Revised Statutes.
>
> COUNT 2:  On or about March 11, 2022 in the City and County of Honolulu, State of Hawaiʻi, ROBERT ERRTTE MILLARD, with intent to harass, annoy, or alarm [CW], did strike, shove, kick, or otherwise touch [CW] in an offensive manner and/or subject [CW] to offensive physical contact and/or did insult, taunt, or challenge [CW] in a manner likely to provoke an immediate violent response and/or that would cause [CW] to reasonably believe that ROBERT ERRTTE MILLARD intended to cause bodily injury to [CW] or damage to the property of [CW] thereby committing the offense of

2

Harassment, in violation of Section 711-1106(1)(a) and/or 711-1106(1)(b) of the Hawaiʻi Revised Statutes.

I, [DPA], declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

The 1DCW-22-0000564 Complaint was dated and electronically signed by the DPA.

The District Court concluded that only one signature was required for the Complaint (in both cases) because the Complaint and the "I declare" language were a single document.

Millard argues that the State filed a defective Complaint in both cases because the Complaints did not meet the requirements of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 2.2(g). Millard contends that this "I declare" language must have a second separate signature. Millard's argument lacks merit.

HRPP Rule 2.2(g) provides as follows:

> **Rule 2.2.  FORM OF PLEADINGS AND MOTIONS.**
>
> . . . .
>
> **(g) Signing of pleadings and other documents.** Every pleading and other document shall be signed by the party or the party's counsel. Where 2 or more documents are filed together, the party or party's counsel need only provide one signature at the close of the documents filed together, **with the exception that where affidavits or declarations of counsel are filed together with pleadings or other documents, the affidavits or declarations must be separately executed.** Documents filed through JEFS shall be signed as provided by Rule 5 of the Hawaiʻi Electronic Filing and Service Rules.

(Emphasis added).

Accordingly, a declaration must be separately executed when it is one of two documents filed together with a pleading. See id.

Here, the "I declare" language is not a separate document unto itself.  Rather, as the District Court determined,

3

the "I declare" language was "simply the affirmation portion of the complaint." Accordingly, the HRPP Rule 2.2(g) requirement that a declaration document be separately executed does not apply to the "I declare" language in the Complaint.[4]

For these reasons, the District Court's July 7, 2023 1DCW-22-0003477 Judgment and August 11, 2023 1DCW-22-0000564 Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, June 18, 2025.

On the briefs:

Eric Lee Niemeyer,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[4] We note that the Hawaiʻi Supreme Court has upheld the sufficiency of complaints containing the "I declare" language without a second signature, albeit on other grounds. E.g., State v. Mortensen-Young, 152 Hawaiʻi 385, 387-88, 399, 526 P.3d 362, 364-65, 376 (2023) (holding complaints were sufficient because they complied with HRPP Rule 7(d)).

4